## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**LINDA CARLOW**                                                        **PLAINTIFF**

**v.**                                               **CAUSE NO. 1:16CV322-LG-RHW**

**CHEVRON U.S.A., INC., ET AL.**                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### <u>GRANTING MOTION TO DISMISS</u>

BEFORE THE COURT is the [19] Motion to Dismiss Plaintiff's Second

Amended Complaint, filed by Chevron U.S.A., Inc. and joined by Chevron

Corporation.[1]  Chevron asserts that Plaintiff's Title VII complaint is time-barred or

otherwise fails to state a claim.  Carlow has responded, and Chevron has replied.

After due consideration, it is the Court's opinion that Carlow's allegations fail to

state claims against Chevron under Title VII, and those claims should be dismissed

with prejudice.  The Court declines to exercise supplemental jurisdiction of the state

law claims, and instead dismisses them without prejudice.

### BACKGROUND

Plaintiff Linda Carlow was employed as a temporary Console Operator

Trainer by Chevron for approximately seven years.[2]  Chevron converted the position

to a permanent salaried one, which Carlow was required to compete with other

---

[1]  The plaintiff also named "Chevron Refinery Pascagoula" as a defendant, but Chevron asserts that the refinery is not a separate legal entity capable of being sued.  The Court refers to all of the Chevron entities as "Chevron."

[2]  Carlow was first hired by Chevron in 1992 as an Operator Trainee.  (2d Am. Compl. Ex. A 3, ECF No. 18-1).

candidates to retain.  Carlow alleges that in early March 2015, she learned she was not selected for either of two permanent positions she applied for, even though she had received excellent performance reviews and was "eminently qualified."  (2d Am. Compl. 3, ECF No. 18).  She alleges this was because she is a gay woman.  On March 6, 2015, she made a complaint of discrimination through Chevron's HR hotline, because she "understood that Chevron had no legitimate reason for denying her either promotion and that it had made its employment decisions solely because of her gender, sexual orientation and non-conformity to sexual stereotyping."  (*Id*. at 5).  She alleges she learned on December 14, 2015, that her personnel records were altered by her supervisors and/or unknown persons to create a pretext for denying her a permanent position as retaliation for contacting the HR hotline.  (*Id*.).

Carlow filed a charge of discrimination with the EEOC on December 28, 2015. (2d Am. Compl. Ex. A 3, ECF No. 18-1).  She alleged sex discrimination and retaliation, stating "I believe I was not selected [for the position] because of my sex." The retaliation charge was that she was removed from her temporary position as Console Operator Trainer and transferred to the refinery approximately six weeks after her complaint to the Chevron HR hotline.  (*Id*.).  Carlow does not specify what position she now holds at the refinery, but she alleges she is still employed there. (*See* 2d Am. Compl. 13 (¶ 47), ECF No. 18).  Carlow's Title VII claims are for sex discrimination, retaliation, hostile work environment and constructive discharge.

Chevron moves for dismissal of Carlow's claims under Fed. R. Civ. P. 12(b)(6), arguing that 1) the Title VII sex discrimination claim is time-barred, and 2) the

allegations do not state Title VII claims for retaliation, hostile work environment or constructive discharge, or any state law claim.

DISCUSSION

1. <u>The Legal Standard</u>

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Whether this standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

2. <u>Timeliness of the Sex Discrimination Claim</u>

Carlow's charge of discrimination was dismissed by the EEOC because it was not timely filed. (2d Am. Compl. Ex. B, ECF No. 18-2). As noted above, she had alleged discrimination on March 4, 2015, the date she was informed she had not been selected for a permanent position, and retaliation at "the end of April 2015" for having contacted Chevron's HR hotline with a discrimination complaint. (2d Am.

-3-

Compl. Ex. A 3, ECF No. 18-1).

Before instituting a Title VII action in federal district court, a private plaintiff must file a charge of discrimination with the EEOC against the discriminating party within 180 days of the alleged discrimination and receive statutory notice of the right-to-sue the respondent named in the charge. 42 U.S.C. § 2000e-5(e); *Nilsen v. City of Moss Point*, 621 F.2d 117 (5th Cir. 1980). "If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 476-77 (5th Cir.1991); *see also Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 573 (5th Cir. 2013). The operative date from which the limitations period begins to run is the date of notice of the adverse action. *See Hartz v. Adm'rs of the Tulane Educ. Fund*, 275 F. App'x 281, 287 (5th Cir. 2008). So, Carlow had 180 days from on or about March 4, 2015, or until on or about August 31, 2015, to file a charge of discrimination with the EEOC, and 180 days from April 30, 2015, or until on or about October 27, 2015, to file a charge of retaliation. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice."). Carlow's charge, received by the EEOC on December 28, 2015, was plainly late as to both sex discrimination and retaliation.

The timely filing of an EEOC charge is "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455

U.S. 385, 394 (1982). Though courts apply the doctrine of equitable tolling "sparingly," three possible bases have been described: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). It is well established, however, that an employee's ignorance of the law cannot justify tolling. *See Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). A litigant seeking equitable tolling must also show they have been diligently pursuing their rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Carlow argues that equitable tolling should apply in this case because 1) the delay in filing her charge was brief; 2) Chevron concealed the contents of her employee file until December 14, 2015, so she did not know that false information had been added to justify its decision; 3) she was pro se at the time of filing her charge; and 4) the EEOC's charge form led her to believe that it was preliminary and did not require her to supply all important details.

It is well-established that the length of delay beyond the EEOC charge filing deadline is immaterial to the equitable tolling determination. *Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 240 (1976) ("In defining Title VII's jurisdictional prerequisites with precision, Congress did not leave to courts the decision as to which delays might or might not be "slight.") (citation and marks omitted). Further, the charge filing time period

runs from when "the complainant knows or reasonably should have known that the challenged act has occurred." *Vadie v. Miss. State Univ.*, 218 F.3d 365, 371 (5th Cir. 2000).  Carlow stated in her charge that she was notified that she was not chosen for a permanent position on March 4 and complained to Chevron of sex discrimination on March 6, 2015.  (2d Am. Compl. Ex. A 3, ECF No. 18-1).  She  alleged in her complaint that "[b]y March 6, 2015, [she] understood that Chevron . . . had made its employment decisions solely because of her gender, sexual orientation and non-conformity to sexual stereotyping."  (2d Am. Compl. 5, ECF No. 18).  Whether she later learned facts supporting her sex discrimination claim (*i.e.*, that Chevron had concealed its alteration of her employment record), does not impact her knowledge on March 6, 2015, that the challenged discriminatory act had occurred.

In her last two reasons, Carlow argues that because she was not an attorney, the EEOC charge form instructions misled her into believing she should just "get the ball rolling" by briefly stating her claims.  She contends she would have included more recent actions by Chevron had she known that the EEOC would review only what she had written on the form.  Thus, she does not argue that the instructions misled her into believing that the EEOC would investigate the acts she *did* include in the charge form.  She argues that the EEOC did not review charges she should and would have included, had she been represented by counsel.  The Fifth Circuit has rejected this type of argument, stating that "lack of knowledge of applicable filing deadlines is not a basis for tolling.  Neither is a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period."

*Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (internal citations omitted).  Furthermore, Carlow's assertions that the charge form was misleading are not well taken.  The form asks the complainant to give the "particulars" of the charge, using extra sheets of paper if necessary.  (2d Am. Compl. Ex. A 3, ECF No. 18-1).  Complainants are advised that "[c]harges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint . . . .  Charges may be clarified or amplified later by amendment." (*Id.* at 4).  This language does not indicate, even to a layperson, that she may include only some of the charges she wishes the EEOC to investigate, and add others later.  Accordingly, the Court finds that equitable tolling does not apply in this case.  It is apparent from the face of the complaint that Carlow's sex discrimination charge was untimely filed with the EEOC.  It will therefore be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

3. <u>Title VII Retaliation, Hostile Work Environment, and Constructive Discharge</u>

Chevron argues that the Court may not consider Carlow's claims of retaliation and hostile work environment, because she did not present them in a charge to the EEOC prior to bringing them here.  Carlow does not allege – as she charged – that her transfer to the refinery was retaliation for having contacted Chevron's hotline.  She alleges instead that Chevron employees or others altered her employment record in retaliation for her "discrimination grievance" in order to deny her a permanent position, and to protect themselves during the grievance process.

(2d Am. Compl. 7 (¶23(g, h)), ECF No. 18).  She alleges she learned of this on December 14, 2015 – the day she met with Chevron to discuss the results of her discrimination grievance.  (*Id*. at 9 (¶30)).

Chevron notes that Carlow filed her EEOC charge only eleven days after the meeting at which she alleges she learned her employment record had been altered as retaliation for her complaint, but she did not include this information in the charge.  Title VII requires that claims be brought with the EEOC before courts may consider them.  *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016).  "We construe EEOC claims liberally, but we will not consider claims that were not asserted before the EEOC or that do not fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination a plaintiff makes before the EEOC."  *Id*. (citations and marks omitted).  The EEOC had no indication from her charge that Carlow learned of this separate instance of retaliation by Chevron within the limitation period, and therefore an investigation into the purported retaliation could not reasonably be expected to grow out of Carlow's charge.  *See id*.  Accordingly, the claim of Title VII retaliation must be dismissed.

For the same reason, the hostile work environment claim also must be dismissed.  Carlow alleges that her male supervisor "treated her unfairly, rudely and with thinly veiled hostility in various ways and with increasing frequency and harshness" because she is a gay female.  (2d Am. Compl. 6 (¶22), ECF No. 18).  However, none of these allegations – or anything close to them – is included in her

EEOC charge.  The Court finds that an investigation of the hostile work environment based on sexual preference about which Carlow now complains could not have reasonably been expected to grow out of her EEOC charge.  *See, e.g., Magana v. Tarrant/Dallas Printing*, 193 F.3d 517, *1 (5th Cir. 1999) (finding that the claim of hostile work environment contained in plaintiff's judicial complaint involved new and independent allegations of discrimination that neither grew out of nor were directly related to the subject matter of his EEOC charge, and, thus, the hostile work environment claim was beyond the scope of the court's jurisdiction).

Finally, the Title VII constructive discharge claim must be dismissed because it has not yet accrued.  Carlow alleges that she remains employed by Chevron, but "will likely have to retire early" because of the stress she is under.  (2d Am. Compl. 11 (¶37), ECF No. 18).  However, "an employee cannot bring a constructive-discharge claim until he is constructively *discharged*."  *Green v. Brennan*, 136 S. Ct. 1769, 1777 (2016) (emphasis in original).  Carlow does not allege that she has resigned, and therefore she has not stated a constructive discharge claim.  *Id*.

4. <u>State Law Claims</u>

Carlow alleges pendent state law claims of tortious interference with at-will employment contract, defamation, civil conspiracy, and a claim under Mississippi Code § 79-1-9.  The Court declines to exercise its supplemental jurisdiction over these claims.  "'District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed.'"  *Alexander v. State of Miss.*, 655 F. App'x 989, 993 (5th Cir. 2016)

(quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)).  Factors to consider in the determination of whether to exercise supplemental jurisdiction include the statutory factors set forth in 28 U.S.C. § 1367, as well as "common law factors of judicial economy, convenience, fairness, and comity."  *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 748 (5th Cir. 2014) (citing *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009)).  However, the "'general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.'"  *United States, ex rel, Jackson v. Univ. of N. Tex.*, No. 16-40332, 2016 WL 7209715, at *3 (5th Cir. Dec. 12, 2016) (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 2007)).  "The dismissal of all federal claims provides 'a powerful reason to choose not to continue to exercise jurisdiction.'"  *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 201 (5th Cir. 2015) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

The Court concludes that it should follow the general rule in this case.  All federal claims over which the Court had original jurisdiction have been dismissed, and therefore the Court may decline to exercise supplemental jurisdiction based on 28 U.S.C. § 1367(c)(3).  Accordingly, Carlow's state law claims are dismissed without prejudice to refiling in state court.  *See Terry v. Inocencio,* 633 F. App'x 281, 282 (5th Cir. 2016).

## CONCLUSION

Plaintiff was given the opportunity to amend her complaint after Chevron's first motion to dismiss alerted her to the probability that her Title VII claims were

time-barred. (*See* Chevron Mot. to Dismiss, ECF No. 2).  However, her Second Amended Complaint suffers from the same deficiency.  Carlow's EEOC charge was untimely, and it failed to include all of the Title VII claims she alleges in this lawsuit.  Because Carlow is unable to cure her procedural default, the Title VII claims will be dismissed with prejudice.  The pendent state-law claims will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [19] Motion to Dismiss Plaintiff's Second Amended Complaint, filed by Chevron U.S.A., Inc. and joined by Chevron Corporation, is **GRANTED**.  Plaintiff's Title VII claims are **DISMISSED WITH PREJUDICE** and her state law claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 15th day of March 2017.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge